## Case No. 13,775.

### In re TAYLOR.

[3 N. B. R. 157 (Quarto, 38).] [1]

District Court, S. D. Georgia. 1869.

HOMESTEAD—"HEAD OF FAMILY"—RIGHT TO SUPPORT.

Where bankrupt, residing in Georgia, rented a house, hired servants, and made his home therein with a widow not related by blood to him, but whom he and his wife had educated and regarded as their adopted daughter, but had failed to adopt her in accordance with law, *held*, that he is head of a family, and entitled to exemption as such of fifty acres of land as a homestead, but is not entitled to five acres additional for each of three children of the widow residing with them, and forming part of the household, inasmuch as he is not legally bound to support them.

Years ago Dr. William Taylor and his wife had one child, and never had any more. A sister of Mrs. Taylor, on her dying bed, and as a parting request, asked Mrs. Taylor to take her infant and raise it for her. Mrs. Taylor, by consent of her husband, Dr. Taylor, took her sister's child, thus left an orphan (mother and father both being dead), to her home, and treated it in all respects as one of her own. Dr. Taylor's own child died, and then the orphan was the only child in the family. Dr. Taylor and his wife doated on the child, gave her a good education, and reared her in all respects as they would have reared a child of their own. In fact, they regarded her as an adopted child, but never by any legislative or judicial act adopted her so as to make her a legal heir. In process of time Mrs. Taylor died, and the child they had reared from her infancy became Mrs. Carswell. Mrs. Carswell always regarded Dr. Taylor as a father, and he regarded her as a daughter. Col. Carswell, in 1867, resided in a rented house in Irwinton. In the fall of that year he was taken sick, and lingering till February, 1868, he died, leaving Mrs. Carswell a widow with three children. The rent of the house having expired with the year 1867, Dr. Taylor came in immediately on the death of Col. Carswell, re-rented the house, hired the necessary servants for the comfort and convenience of Mrs. Carswell and children, and made that his home. The plantation of Dr. Taylor is in the fork of Commissioner's creek and Oconee river, and being nearly surrounded by swamp, is considered an unhealthy location for a residence. This is the only real estate he owned at the time of filing his petition in bankruptcy. On the 1st of June, 1868, while thus residing in Irwinton, Mrs. Carswell, her three children,

and the hired servants constituting the family, Dr. Taylor filed his petition in bankruptcy. The assignee, in setting apart the property exempted by law for the use of the bankrupt, included in the exempt list sixty-five acres of land laid out from the plantation; that is to say, fifty acres for Dr. Taylor as head of a family, and five acres additional for each of the three children of Mrs. Carswell. To this exemption by the assignee, Col. Cumming, as counsel for creditors, excepts, and files the following specifications: First. That Dr. Taylor was not the head of a family, and was not entitled by law to any homestead exemption. Second. That Mrs. Carswell and her children having already had an exemption out of the estate of Col. N. A. Carswell, have no right to an exemption out of Dr. Taylor's estate.

By ALEXANDER G. MURRAY, Register:

On the 1st day of June, 1868, Dr. William Taylor, then residing in a house in Irwinton, which he had rented, having as his family Mrs. Carswell, her three children, and two or more hired servants, which were hired by him, and were under his control, was the head of a family; and, as he still continues to so reside, his position as head of a family still continues. As the head of a family, he is entitled to an exemption of fifty acres of land, under the exemption laws of Georgia of force in 1864. Code Ga. § 2013. To constitute a head of a family, it is not necessary that a man shall have either a wife or child. If he reside in a house of which he is proprietor, and have no other inmates than hired servants, he is in law the head of a family. See Case of Cobb [Case No. 2,920]. But as Mrs. Carswell and her children are not related by blood to Dr. Taylor, however strong his social relations may be, and with whatever affection he may regard them, he is not legally bound to support them, nor can they be regarded as his legal heirs. Hence, he is not entitled to any enlargement of his exemption on account of the three children of Mrs. Carswell.

ERSKINE, District Judge. The decision of Mr. Register Murray is affirmed. The clerk will so certify.

An opposite conclusion was reached in a case under the Texas law. See In re Summers [Case No. 13,604].